AO 106 (Rev. 04/10) Application for a Search Warrant

USAO No. 2018R01134  LODGED
RECEIVED

MAR 28 2019

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
DEPUTY

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

Information Associated with Instagram Accounts:
"memes_are_pretty_nice"; "silver_cuber"; and
"space_viola"

)
)
)
)
)
)

Case No.   MJ19-5046

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, attached hereto and incorporated herein by reference

located in the _____Northern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attched hereto and incorporated by reference herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 § 2252(a)(2) | Attempted Receipt or Distribution of Child Pornography |
| 18 U.S.C. § 2252(a)(4)(B) | Attempted Possession of Child Pornography |
| 18 U.S.C. § 2422(b) | Enticement of a Minor |

The application is based on these facts:

See the Affidavit which is attached hereto and incorporated herein by this reference.

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

KYLE MCNEAL, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____03/28/2019_____

_____
*Judge's signature*

City and state:  Tacoma, Washington

DAVID W. CHRISTEL, U.S. Magistrate Judge
*Printed name and title*

**ATTACHMENT A – THE SUBJECT ACCOUNTS**

**SUBJECT INSTAGRAM ACCOUNTS to be Searched**

The electronically stored data, information and communications contained in, related to, and associated with, including all preserved data associated with Instagram LLC accounts:

          a.      **"memes_are_pretty_nice"** ( **"MV-1 INSTAGRAM ACCOUNT 1")**;

          b.      **"silver_cuber" ("MV-1 INSTAGRAM ACCOUNT 2")**;

          c.      **"space_viola" ("MV-3 INSTAGRAM ACCOUNT")**;

as well as all other subscriber and log records associated with the account, which are located at premises owned, maintained, controlled or operated by Instagram LLC a social media application provider owned by Facebook, Inc. and headquartered at 1601 Willow Road, Menlo Park, California, 94025.

ATTACHMENT A - 1
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

# ATTACHMENT B

## SUBJECT INSTAGRAM ACCOUNTS to be Searched

**I. Information to be disclosed**

To the extent that the information described in Attachment A related to the specified accounts to be Searched is within the possession, custody, or control of Instagram LLC, including any communications, records, files, logs, posts, payment records, or information that has been deleted but is still available to Instagram LLC, or has been preserved pursuant to requests made under 18 U.S.C. § 2703(f), Instagram LLC is required to disclose the following information to the government for each Instagram account identifier listed in Attachment A:

a.      The contents of all communications associated with the accounts, including stored or preserved copies of content sent to and from the accounts, draft communications, the source and destination of any communications, the date and time at which the communications were sent;

b.      All records or other information regarding the identification of the accounts, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the accounts were created, the length of service, the IP address used to register the accounts, log-in IP addresses associated with session times and dates, account statuses, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c.      The types of service utilized;

d.      All records or other information stored at any time by an individual using the accounts, including address books, contact and buddy lists, calendar data, pictures, files, and the contents of any accounts associated with specified Instagram accounts; and

e.      All records pertaining to communications between Facebook/Instagram and any person regarding the accounts, including contacts with support services and records of actions taken.

ATTACHMENT B - 1
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

**II.     Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of 18 U.S.C. § 2251(a) (Attempted Production of Child Pornography), 18 U.S.C. § 2252(a)(2) (Attempted Receipt or Distribution of Child Pornography), and 18 U.S.C. § 2422(b) (Attempted Enticement of a Minor) committed between on or after August 1, 2018, and September 30, 2018, including, for each account or identifier listed in Attachment A, information pertaining to the following matters:

a.     All messages, documents, and profile information, attachments, or other data that serves to identify any persons who use or access the accounts specified, or who exercise in any way any dominion or control over the specified accounts;

b.     Any address lists or "friend"/contact lists associated with the specified accounts;

c.     All images/videos of child pornography, any messages or documents relating to the transmission of child pornography (including any attachments thereto), and any profile information from other file- or photo-sharing websites;

d.     The types of services utilized;

e.     All messages, documents, attachments and data content relating to or referencing contact between JONATHAN CARPENTER, MV1, MV2, MV3, MV4 or MV5 and/or any minors;

f.     All subscriber records associated with the specified accounts, including name, address, local and long distance telephone connection records, or records of session times and durations, length of service (including start date) and types of service utilized, telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address, and means and source of payment for such service) including any credit card or bank account number;

g.     Any and all other log records, including IP address captures, associated with the specified accounts; and

ATTACHMENT B - 2
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1        h.      Any records of communications between Instagram LLC, and any person

2 about issues relating to the accounts, such as technical problems, billing inquiries, or

3 complaints from other users about the specified accounts, including records of contacts

4 between the subscriber and the provider's support services, as well as records of any

5 actions taken by the provider or subscriber as a result of the communications.

6 **Notwithstanding the criminal offenses defined under 18 U.S.C. § 2252 and 2252A or**

7 **any similar criminal offense, Instagram LLC shall disclose information responsive**

8 **to this warrant by mailing it to Special Agent Kyle McNeal at address 1145**

   **Broadway, Suite #500, Tacoma, WA 98402, or via email to kmcneal@fbi.gov.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT B - 3
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

**AFFIDAVIT**

STATE OF WASHINGTON    )

                             )    ss

COUNTY OF PIERCE       )

I, KYLE MCNEAL, being first duly sworn on oath, depose and say:

1.    I am a Special Agent with the Federal Bureau of Investigation (FBI), assigned to the Special Agent in Charge in Seattle, Washington. I have been an Agent with the FBI since April 2011. My training at the FBI Academy in Quantico, Virginia, included courses in law enforcement techniques, federal criminal statutes, conducting complex criminal investigations, physical and electronic surveillance techniques, and the execution of search warrants. During my employment as a law enforcement officer, I have attended periodic seminars, meetings, and continued training.

2.    As part of my duties as an FBI Special Agent, I investigate criminal violations relating to child exploitation and child pornography including violations of Title 18, United States Code §§ 2251(a), 2252(a)(2), and 2422(b). I have received training in the area of child pornography and child exploitation, and have observed and reviewed numerous examples of child pornography in various forms of media, including media stored on digital media storage devices such as computers, tablets, cellphones, etc. I have also participated in the execution of numerous search warrants involving investigations of child exploitation and/or child pornography offenses. I work with other federal, state, and local law enforcement personnel in the investigation and prosecution of crimes involving the sexual exploitation of children.

3.    I make this Affidavit in support of a warrant for information associated with certain social media accounts as detailed below in paragraph 4 and further described in Attachment A (SUBJECT ACCOUNTS).

4.    Records and information associated with the Instagram accounts:

1      **a.**     **"memes_are_pretty_nice" ("MV1 INSTAGRAM ACCOUNT**
2  **1");**

3      **b.**     **"silver_cuber" ("MV1 INSTAGRAM ACCOUNT 2");**

4      **c.**     **"space_viola" ("MV3 INSTAGRAM ACCOUNT");**

5  that are stored at the premises controlled by Facebook, a social media platform

6  headquartered at 1601 Willow Road, Menlo Park, CA 94025.

7      5.     This affidavit is made in support of an application for a search warrant

8  under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require Instagram to

9  disclose to the government copies of the information (including the content of

10  communications) further described in Section I of Attachment B. Upon receipt of the

11  information described in Section I of Attachment B, government-authorized persons will

12  review that information to locate the items described in Section II of Attachment B.

13      6.     The facts set forth in this Affidavit are based on my own personal

14  knowledge; knowledge obtained from other individuals during my participation in this

15  investigation, including other law enforcement officers; the review of documents and

16  records related to this investigation; communications with others who have personal

17  knowledge of the events and circumstances described herein; and information gained

18  through my training and experience.

19      7.     Because this Affidavit is submitted for the limited purpose of providing

20  sufficient facts necessary to determine whether there is probable cause in support of the

21  application for a search warrant, it does not set forth each and every fact that I or others

22  have learned during the course of this investigation. I have set forth only the facts that I

23  believe are relevant to the determination of probable cause to believe that evidence,

24  fruits, and instrumentalities of violations of 18 U.S.C. § 2251(a) (Attempted Production

25  of Child Pornography); 18 U.S.C. § 2252(a)(2) (Attempted Receipt/Distribution of Child

26  Pornography), 18 U.S.C. § 2252(a)(4)(B) (Attempted Possession of Child Pornography),

27  and 18 U.S.C. § 2422(b) (Enticement of a Minor), will be found in the accounts identified

28  above.

AFFIDAVIT OF SPECIAL AGENT MCNEAL - 2
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

# I.      JURISDICTION

8.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

# II.      SUMMARY OF INVESTIGATION

9.      Minor Victim 1 is a 12-year-old boy born in 2006.  Minor Victim 2 is an 11-year-old boy born in 2007.  On September 17, 2018, MV1 and MV2's mother, Christina Carpenter, notified U.S. Army Criminal Investigation Division Command (CID) special agents of her concerns that JONATHAN DAVID CARPENTER had sexually abused her son.  Christina Carpenter also told agents that MV2 suffers from autism.

10.      Interview of Christina Carpenter.  The following information was provided from the reports of U.S. Army CID Special Agent Dan Chandler.  I have reviewed SA Chandler's reports and described the interviews below.  I have not personally reviewed the audio/video recordings of the interviews described.

11.      On September 17, 2018, CID agents interviewed Christina Carpenter.  She disclosed that on September 11, 2018, MV1 told her that CARPENTER requested the password to MV1's Instagram account and that CARPENTER utilized MV1's Instagram account on MV1's iPhone 7 to request nude images from a female friend of MV1.  Christina Carpenter stated that MV1 used a separate phone connected to WiFi to talk to the same female friend while CARPENTER messaged her.  MV1 disclosed to Christina Carpenter that MV1 did not feel safe around CARPENTER.

12.      Christina Carpenter stated that MV1 had previously disclosed to her, in 2015, that CARPENTER had digitally penetrated MV1's anus with CARPENTER's finger.  Christina Carpenter stated that this disclosure occurred while at their on-post residence located at 5341 Montgomery Street, Joint Base Lewis McChord (JBLM),

AFFIDAVIT OF SPECIAL AGENT MCNEAL - 3
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  Washington 98433.  This residence is located on the federally owned government
2  property of the JBLM military installation.

3      13.      Christina Carpenter stated that MV2 had also recently disclosed to her that
4  CARPENTER "made him suck his 'pee-pee' until pee came out."  Christina Carpenter
5  stated that she did not ask any follow-up questions but told CARPENTER she wanted to
6  seek counseling for the children without CARPENTER present.

7      14.      Interview of MV1.  The following information was provided from the
8  reports of U.S. Army CID Special Agent Dan Chandler.  I have reviewed SA Chandler's
9  reports and described the interviews below.  On September 17, 2018, CID Special Agent
10  (SA) Dan Chandler conducted an interview of MV1.  MV1 stated that in 2013 Christina
11  Carpenter left their residence for a period of 11 days.  It is believed the family was
12  residing in Watertown, New York, during this time.  MV1 stated that during that time,
13  MV1 woke up and needed to go to the bathroom.  MV1 stated that he was disoriented and
14  thought the living room was a restroom and began to urinate in the living room.  MV1
15  stated that CARPENTER was naked on the couch while watching the television show
16  "Archer."  MV1 stated that CARPENTER scolded him, placed a rag into MV1's mouth
17  and bent MV1 over a chair.  MV1 stated that CARPENTER then anally penetrated him
18  with his penis.  MV1 stated that when the rag fell out, CARPENTER shoved the rag back
19  into his mouth.  MV1 stated that CARPENTER continued to penetrate him for an
20  unknown amount of time.  MV1 stated that he went to his room crying and did not know
21  if CARPENTER ejaculated or wore a condom.

22      15.      MV1 stated that a second incident occurred during the same 11-day period
23  when Christina Carpenter was not at the residence.  MV1 stated that CARPENTER was
24  laying on the couch naked and called MV1 to him.  MV1 stated that CARPENTER then
25  performed oral sex on MV1.  CARPENTER then told MV1 "now it's your turn," to
26  which MV1 replied "no," and ran to his room.

27      16.      MV1 stated that a third incident occurred during the same 11-day period
28  when Christina Carpenter was not at the residence.  MV1 stated that CARPENTER told

AFFIDAVIT OF SPECIAL AGENT MCNEAL - 4
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  him to sleep in CARPENTER's bed, which MV1 did.  MV1 woke up later with his

2  clothes removed.  MV1 did not know how his clothes removed or anything else that may

3  have transpired while he was sleeping.

4        17.    MV1 stated that sometime in 2015, while living on post at JBLM, he was

5  watching television with MV2.  CARPENTER told MV1 to play cards with him.  MV1

6  stated that CARPENTER told him they would "play like a casino, except instead of chips

7  we use clothes."  MV1 disclosed that he and CARPENTER ultimately disrobed while

8  playing CARPENTER's game.  MV1 stated that CARPENTER told MV1 to go to

9  CARPENTER's room and lay down.  MV1 stated that he went into the room and laid

10  face down.  MV1 stated that CARPENTER came into the room and penetrated MV1's

11  anus.  MV1 stated that he believed CARPENTER used his finger, but MV1 did not see it.

12  MV1 stated that CARPENTER then rolled onto his back and told MV1 to "suck his

13  dick," to which MV1 said no and ran out of the room.  MV1 stated that he disclosed some

14  of the details to Christina Carpenter when she returned home that evening.

15        18.    MV1 stated that in 2015, CARPENTER took MV2 into CARPENTER's

16  room to discipline MV2.  MV1 stated that he heard MV2 crying, but did not see what

17  happened in the room.  MV1 stated that he discussed with MV2, and that MV2 disclosed

18  that CARPENTER "spanked him" with "his pee-pee."

19        19.    MV1 stated that approximately one week prior to his interview with SA

20  Chandler, MV2 disclosed that CARPENTER forced MV2 to "suck his pee-pee" "until

21  pee came out."

22        20.    MV1 stated that approximately one week prior to his interview with SA

23  Chandler, MV1 provided his iPhone 7 to Carpenter at approximately 10:00 PM, which

24  was standard practice in their home.  MV1 stated that he also had an iPhone 4 in his

25  bedroom of which CARPENTER was unaware.  MV1 communicated via Instagram

26  direct messages with his female friend, MV3, using the iPhone 4.  MV1 indicated that

27  MV3 was a female friend, approximately 12-years-old, who lived out of state, but who

28  attended 4th grade with MV1.  MV1 stated that during his conversation with MV3, he

AFFIDAVIT OF SPECIAL AGENT MCNEAL - 5
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  heard vibrations presumably emanating from a phone.  Sometime later, CARPENTER
2  called MV1's name.  MV1 stated that CARPENTER came to MV1's bedside and
3  demanded the password for the iPhone 7.  MV1 gave CARPENTER the password.  MV1
4  stated that MV3 related she received a message from MV1's phone number, which read
5  "send nudes."  MV1 stated that MV3 sent him a screenshot which depicted that message.
6  MV1 stated that he did not send that message, and it was sent while his iPhone 7 was in
7  the possession of CARPENTER.

8       21.     On September 17, 2018, SA Chandler discussed the details regarding
9  CARPENTER's communication with Christina Carpenter and obtained consent to search
10 for the phones described by MV1.  Christina Carpenter provided consent to search and
11 removed both described phones from her purse. SA Chandler documented the identifying
12 information from both phones and collected them for evidentiary purposes.

13      22.     Forensic Interview of MV2.  The following information was provided from
14 the reports of U.S. Army CID Special Agent Dan Chandler.  I have reviewed SA
15 Chandler's reports and described the interviews below.  On September 17, 2018, MV2
16 was interviewed by Susan Villa, Child Forensic Interviewer, Monarch Children's Justice
17 Center in Lacey, Washington.  During the forensic interview, MV2 presented apparent
18 difficulty with expressing chronological explanations of all incidents, including
19 descriptions of events not related to the reported offenses.  MV2 spoke in disjointed
20 sentences throughout and required multiple questions to clarify details about incidents,
21 including locations of incidents, when incidents occurred, and differentiating two
22 incidents of described oral penetration and two incidents of "humping."  Specifically,
23 MV2 required multiple questions to differentiate two incidents of "humping," one in
24 which CARPENTER was wearing shorts and one in which CARPENTER was naked.

25      23.     During the child forensic interview, MV2 provided the following details of
26 his interaction with CARPENTER in CARPENTER's bedroom of the JBLM
27 Montgomery Street duplex in which the family lived.  MV2 stated that the following
28 incidents occurred while at "the duplex," which Christina Carpenter identified as 5341

AFFIDAVIT OF SPECIAL AGENT MCNEAL - 6
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    Montgomery Street, Joint Base Lewis McChord, Washington. MV2 estimated that the
2    incident occurred about three years prior to the interview with SA Chandler, when MV2
3    was in 3rd grade. MV2 stated that CARPENTER told MV2 he would get a spanking as
4    discipline for an incident at school. MV2 stated that CARPENTER sent MV2 to
5    CARPENTER's room. MV2 stated that while in CARPENTER's room, CARPENTER
6    told MV2 to "suck [CARPENTER's] 'pee-pee,'" to which MV2 replied "no, am I gay?
7    Are you gay?" MV2 stated that CARPENTER said "just do it," to which MV2 asked
8    "what happens if I don't?" MV2 stated that CARPENTER replied "I'll spank you."
9    MV2 stated that he was sitting on the bed and CARPENTER was standing near the bed.
10   MV2 stated that CARPENTER pulled down CARPENTER's pants. MV2 related that he
11   "sucked [Mr. Carpenter's] 'pee-pee'" and that "pee came out in my mouth." MV2 stated
12   that he "spit that out" in the bathroom, but on another occasion, CARPENTER wanted
13   MV2 to "swallow that."

14        24.    MV2 stated that yet another occasion, CARPENTER bent him over and
15   "put [CARPENTER's] penis in [MV2's] butt" while spanking MV2. MV2 stated
16   CARPENTER went back and forth and was spanking him when he went in and out.
17   MV2 stated that incident occurred when he was in CARPENTER's bedroom.

18        25.    Arrest of CARPENTER.  On September 17, 2018, FBI Agents and Lacey
19   Police Department Officers contacted CARPENTER at his residence in Lacey,
20   Washington, and placed him under arrest. CARPENTER was then transported to Pierce
21   County Jail. CARPENTER had the following digital device in his possession when he
22   was taken into custody: a Samsung Galaxy 9 Cell Phone.

23        26.    The following information was taken from FBI Special Agent Richard
24   Schroff's report regarding the collection of digital devices from CARPENTER's
25   residence. While being arrested, CARPENTER advised agents that a 2-year-old child
26   was located inside of the residence. Agents entered the residence to ensure the safety of
27   the child and located the child on the second floor. Agents remained with the child at the
28   residence until Christina Carpenter arrived to take custody of the child. After Christina

AFFIDAVIT OF SPECIAL AGENT MCNEAL - 7
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   Carpenter was reunited with the child, agents asked for her consent to conduct a search of

2   the residence for electronic devices that CARPENTER may have used.  Christina

3   Carpenter provided consent for agents to search the residence. Christina Carpenter

4   described CARPENTER primarily using his cell phone to access the Internet. Christina

5   Carpenter indicated CARPENTER had also used a red laptop and a Nextbook laptop

6   located in the home.  Christina Carpenter advised agents that the Nextbook laptop had

7   been "wiped," so it could be provided to one of their children.  No areas of the home

8   were searched that were exclusively within the control of CARPENTER, such as his

9   bedside table or dresser.

10         27.     As described above, several of the alleged incidents occurred at an on-post

11   JBLM residence that is located within the special maritime and territorial jurisdiction of

12   the United States and the Western District of Washington.

13         28.     On September 26, 2018, a federal grand jury presiding in the Western

14   District of Washington returned a four-count Indictment against CARPENTER for

15   committing aggravated sexual abuse of a child against MV1 and MV2 in violation of 18

16   U.S.C. § 2241(c), 2246 and 7.

17         29.     Pursuant to federal search warrants, phone extractions were completed on

18   an iPhone 4, Serial Number C8PHM82FDTF9 and an iPhone 7, Serial Number

19   F17VV8AJHG6W.  SA McNeal reviewed extraction reports from the phones. Instagram

20   Account "memes_are_pretty_nice" was listed under the "User Accounts" of the phone.

21   The following images were found on the iPhone 4, Serial Number C8PHM82FDTF9:

22

23

24

25

26

27

28

AFFIDAVIT OF SPECIAL AGENT MCNEAL - 8
USAO #2018R01134

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Name: | 5003.JPG |
|---|---|
| Type: | Images |
| Size (bytes): | 28801 |
| Path: | IPhone X/var/mobile/ Media/PhotoData/ Thumbnails/V2/ DCIM/101APPLE/ IMG_1694.PNG/5003.JPG |
| Created: | 9/10/2018 10:00:35 AM (UTC+0) |
| Accessed: | 9/10/2018 10:00:35 AM (UTC+0) |
| Modified: | 9/10/2018 10:00:35 AM (UTC+0) |
| Deleted: | |
| Extraction: | Logical |
| MD5: | 1632b9b37f9006d76a9358 54c298be6d |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Name: | 5003.JPG |
| --- | --- |
| Type: | images |
| Size (bytes): | 36458 |
| Path: | IPhone X/var/mobile/ Media/PhotoData/ Thumbnails/V2/ DCIM/101APPLE/ IMG_1693.PNG/5003.JPG |
| Created: | 9/10/2018 9:36:46 AM (UTC +0) |
| Accessed: | 9/10/2018 9:36:46 AM (UTC +0) |
| Modified: | 9/10/2018 9:36:46 AM (UTC +0) |
| Deleted: | |
| Extraction: | Logical |
| MD5: | fe1fdb3c852bb4174a3e12 7642343177 |

AFFIDAVIT OF SPECIAL AGENT MCNEAL - 10
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17  Name:            5003.JPG
18  Type:            Images
    Size (bytes):    25548
19  Path:            iPhone X/var/mobile/
20                   Media/PhotoData/
                     Thumbnails/V2/
21                   DCIM/101APPLE/
                     IMG_1692.PNG/5003.JPG
22  Created:         9/10/2018 9:03:08 AM(UTC
                     +0)
23  Accessed:        9/10/2018 9:03:08 AM(UTC
                     +0)
24  Modified:        9/10/2018 9:03:08 AM(UTC
                     +0)
25  Deleted:
    Extraction:      Logical
26  MD5:             590547e252b37a22a7d15a
                     e89fc58b2d
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

30.    The following images were found on the iPhone 7, Serial Number F17VV8AJHG6W. Instagram Account "memes_are_pretty_nice" was listed under the "User Accounts" of the phone:



AFFIDAVIT OF SPECIAL AGENT MCNEAL - 12
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

| Name: | 5003.JPG |
|---|---|
| Type: | Images |
| Size (bytes): | 27163 |
| Path: | iPhone/var/mobile/Media/ PhotoData/Thumbnails/V2/ DCIM/100APPLE/ IMG_0477.JPG/5003.JPG |
| Created: | 9/10/2018 4:00:22 PM(UTC-7) |
| Accessed: | |
| Modified: | 9/10/2018 4:00:22 PM(UTC-7) |
| Deleted: | |
| Extraction: | File System |
| MD5: | 41d1baab70ca5983fdcdaa1f4 2dae19b |

31.     On January 16, 2019, MV1 was forensically interviewed by FBI Child/Adolescent Forensic Interviewer (CAFI) Erin Lehto. In the interview, MV1 identified Instagram Accounts "memes_are_pretty_nice" and "silver_cuber" as being his own. MV-1 also identified Instagram Account "space_viola" as belonging to MV3.

32.     On January 17, 2019, MV4 was forensically interviewed. MV4 is a 13-year-old minor female residing in El Paso, Texas.  The following excerpts were taken from FBI Special Agent Colette Nicole Baumie's report. I have not personally reviewed the audio/video recordings of the interview described.

33.     When asked if MV4 knew why she was at the Child Advocacy Center (CAC), MV4 stated it was because of something that happened to her friend. MV4 identified her friend as MV1.  MV4 stated MV1's cellular telephone number was (XXX) XXX-7826. MV4 met MV1 when they went to school together in the fourth grade in Washington. MV1 contacted MV4 over Instagram and told her his step-dad was texting people from MV1's phone.

34.     MV1's step-dad texted MV4.  MV4 stated she knew it was someone else and not MV1 who had texted her because "he asked me to send pictures." MV4 could not remember exactly what MV1's step-dad had said to her "but I think he asked me to

1  send nudes." MV4 could not remember exactly when she received the text message, but
2  it was sometime during her seventh grade year.

3      35.    MV4 stated after she received the text message she told her friend MV3
4  about it. MV3 told MV4 that she received the same text. MV3 also told MV4 it was
5  MV-1's step-dad who had messaged them. MV3 sent MV4 screen shots of what MV1's
6  step-father sent to her. MV4, MV3, and MV1 all knew each other because they went to
7  the same school in Washington. MV4 stated she thought MV3 now lived in Kansas.

8      36.    MV1 texted MV4 from his Instagram account and told MV4 it was not
9  him who sent her the message, it was his step-dad. MV4 stated, "I think it was a couple
10 hours" after she received the message asking for nudes that MV1 contacted her over
11 Instagram to tell her what had happened. MV1 told MV4 that he "got grounded" and his
12 step-dad took his phone and that his step-dad was texting all the girls in MV1's
13 contacts.

14     37.    MV4 identified a screen shot from September 10th message in which the
15 background states, "in a world of my own" as an Instagram message to MV3 from MV1's
16 account. MV4 thought the screen shot also depicted a picture of MV3. MV4 stated the
17 screen name "**space_viola**" was associated with MV3, "**memes_are_pretty_nice**" was
18 MV1, and "**silver_cuber**" was MV1's other account.

19     38.    On January 24, 2019, MV5 was forensically interviewed. MV5 is a 12-
20 year-old female minor residing in Washington State. During the interview, MV5 was
21 asked if she ever had anyone ask her for "nudes" over social media. Initially, MV5
22 denied anyone asking her for "nudes." After further discussion, MV5 described an
23 incident involving MV1 and his step-father. In 2018, MV1's step father sent her a text
24 message stating, "please send me nudes." After the incident occurred, MV1 spoke with
25 MV5 about it and informed her that it was his step-father that sent the message. MV5
26 had never received a message asking for nudes before from MV1. MV5 advised that she
27 did not expect a message like this to come from MV-1. MV5 identified MV1's
28 Instagram account as "**memes_are_pretty_nice**."

AFFIDAVIT OF SPECIAL AGENT MCNEAL - 14
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1     39.    Based on my training and experience as a Special Agent and the

2 information contained in this Affidavit, I submit there is probable cause to believe that

3 JONATHAN DAVID CARPENTER, engaged in Attempted Receipt of Child

4 Pornography, Attempted Possession of Child Pornography, Attempted Production of

5 Child Pornography and Enticement of a Minor, in violation of 18 U.S.C. § 2252(a)(2)

6 (Receipt or Distribution of Child Pornography), 18 U.S.C. § 2252(a)(4)(B)(Possession of

7 Child Pornography), 18 U.S.C. § 2251(a) and (e) and 18 U.S.C. § 2422(b) (Enticement of

8 a Minor).

9    **III.   BACKGROUND REGARDING INSTAGRAM'S SERVICES**

10     40.    Instagram is an online social networking application made for photo-

11 sharing that enables its users to take pictures and share them either publicly or privately

12 on the app, as well as through a variety of other social networking platforms, such as

13 Facebook, Twitter, Tumblr, and Flickr. In August 2015, a new version of Instagram was

14 developed which allows users to upload media captured in any aspect ratio. Users can

15 also apply digital filters to their images and videos.  Instagram was acquired by Facebook

16 in April 2012.

17     41.    Every user who creates an Instagram account has a profile and news feed.

18 When a user posts a photo or video on Instagram, it will be displayed on the user's

19 profile. A user profile may be customized to include the user's name, photo, short

20 biography and a website link, if the user has one. Users who "follow" you will see your

21 posts in their own feed. Likewise, you will see posts from the users whom you follow on

22 your news feed. A user profile can be set to public or private. If a user account is public,

23 anyone can find and view the user's profile along with all the photos and videos they

24 post.

25     42.    A user can interact with other users on Instagram by following them, being

26 followed by them, commenting on the other user's posts, liking and/or tagging another

27 user's posts, and by exchanging private messages with other users. Additionally, a user

28 can save photos they see on Instagram.

AFFIDAVIT OF SPECIAL AGENT MCNEAL - 15
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## IV. PAST EFFORTS TO OBTAIN THIS EVIDENCE

43.     Some of this evidence is available on digital devices seized as part of this investigation.  However, additional content and records are likely in the custody or control of Facebook/Instagram.  In addition, I sent preservation letters to Instagram requesting they preserve all evidence related to the accounts identified above under authority of Title 18, United States Code, Section 2703(f)(1).

## V. INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

44.     Pursuant to Title 18, United States Code, Section 2703(g), this application and affidavit for a search warrant seeks authorization to permit Instagram, and their representatives and employees, to assist agents in the execution of these warrants.  Once issued, the search warrants will be presented to Instagram with direction that each company identify the accounts described in Attachment A, as well as other subscriber and log records associated with the identified accounts, as set forth in Attachment B.

45.     The search warrants will direct Instagram to create an exact copy of the specified accounts and records.

46.     I, and/or other law enforcement personnel will thereafter review the copy of the electronically stored data, and identify from among that content those items that come within the items identified in Section II to Attachment B, for seizure.

47.     Analyzing the data contained in the forensic image may require special technical skills, equipment, and software.  It could also be very time-consuming.  Searching by keywords, for example, can yield thousands of "hits," each of which must then be reviewed in context by the examiner to determine whether the data is within the scope of the warrant.  Merely finding a relevant "hit" does not end the review process.  Keywords used originally need to be modified continuously, based on interim results.  Certain file formats, moreover, do not lend themselves to keyword searches, as keywords, search text, and many common e-mail, database and spreadsheet applications do not store data as searchable text.  The data may be saved, instead, in proprietary non-text format.  And, as the volume of storage allotted by service providers increases, the time it takes to

AFFIDAVIT OF SPECIAL AGENT MCNEAL - 16
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   properly analyze recovered data increases, as well.   Consistent with the foregoing,
2   searching the recovered data for the information subject to seizure pursuant to this
3   warrant may require a range of data analysis techniques and may take weeks or even
4   months.  All forensic analysis of the data will employ only those search protocols and
5   methodologies reasonably designed to identify and seize the items identified in Section II
6   of Attachment B to the warrant.
7       48.     Based on my experience and training, and the experience and training of
8   other agents with whom I have communicated, it is necessary to review and seize a
9   variety of messenger communications, chat logs, files, payment records and documents,
10  that identify any users of the specified accounts and communications sent or received in
11  temporal proximity to incriminating messages that provide context to the incriminating
12  communications.

13              **VI.  CONCLUSION**

14      49.     Based on the forgoing, I request that the Court issue the proposed search
15  warrants.  Accordingly, by this Affidavit and Warrant, I seek authority for the
16  government to search all of the items specified in Section I, Attachment B, and
17  specifically to seize all of the data, documents and records that are identified in Section II
18  to that same Attachment.

19
20                          Kyle McNeal, Affiant
                            Special Agent
21                          Federal Bureau of Investigation
22
23      SUBSCRIBED and SWORN to before me this 28th day of March, 2019.
24
25
                            DAVID W. CHRISTEL
26                          United States Magistrate Judge
27
28

AFFIDAVIT OF SPECIAL AGENT MCNEAL - 17
USAO #2018R01134

**ATTACHMENT A – THE SUBJECT ACCOUNTS**

**SUBJECT INSTAGRAM ACCOUNTS to be Searched**

The electronically stored data, information and communications contained in, related to, and associated with, including all preserved data associated with Instagram LLC accounts:

        a.    "memes_are_pretty_nice" ( "MV-1 INSTAGRAM ACCOUNT 1");

        b.    "silver_cuber" ("MV-1 INSTAGRAM ACCOUNT 2");

        c.    "space_viola" ("MV-3 INSTAGRAM ACCOUNT");

as well as all other subscriber and log records associated with the account, which are located at premises owned, maintained, controlled or operated by Instagram LLC a social media application provider owned by Facebook, Inc. and headquartered at 1601 Willow Road, Menlo Park, California, 94025.

ATTACHMENT A - 1
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

**ATTACHMENT B**

**SUBJECT INSTAGRAM ACCOUNTS to be Searched**

**I. Information to be disclosed**

To the extent that the information described in Attachment A related to the specified accounts to be Searched is within the possession, custody, or control of Instagram LLC, including any communications, records, files, logs, posts, payment records, or information that has been deleted but is still available to Instagram LLC, or has been preserved pursuant to requests made under 18 U.S.C. § 2703(f), Instagram LLC is required to disclose the following information to the government for each Instagram account identifier listed in Attachment A:

a. The contents of all communications associated with the accounts, including stored or preserved copies of content sent to and from the accounts, draft communications, the source and destination of any communications, the date and time at which the communications were sent;

b. All records or other information regarding the identification of the accounts, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the accounts were created, the length of service, the IP address used to register the accounts, log-in IP addresses associated with session times and dates, account statuses, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c. The types of service utilized;

d. All records or other information stored at any time by an individual using the accounts, including address books, contact and buddy lists, calendar data, pictures, files, and the contents of any accounts associated with specified Instagram accounts; and

e. All records pertaining to communications between Facebook/Instagram and any person regarding the accounts, including contacts with support services and records of actions taken.

ATTACHMENT B - 1
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## II.    Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of 18 U.S.C. § 2251(a) (Attempted Production of Child Pornography), 18 U.S.C. § 2252(a)(2) (Attempted Receipt or Distribution of Child Pornography), and 18 U.S.C. § 2422(b) (Attempted Enticement of a Minor) committed between on or after August 1, 2018, and September 30, 2018, including, for each account or identifier listed in Attachment A, information pertaining to the following matters:

a.    All messages, documents, and profile information, attachments, or other data that serves to identify any persons who use or access the accounts specified, or who exercise in any way any dominion or control over the specified accounts;

b.    Any address lists or "friend"/contact lists associated with the specified accounts;

c.    All images/videos of child pornography, any messages or documents relating to the transmission of child pornography (including any attachments thereto), and any profile information from other file- or photo-sharing websites;

d.    The types of services utilized;

e.    All messages, documents, attachments and data content relating to or referencing contact between JONATHAN CARPENTER, MV1, MV2, MV3, MV4 or MV5 and/or any other minors;

f.    All subscriber records associated with the specified accounts, including name, address, local and long distance telephone connection records, or records of session times and durations, length of service (including start date) and types of service utilized, telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address, and means and source of payment for such service) including any credit card or bank account number;

g.    Any and all other log records, including IP address captures, associated with the specified accounts; and

ATTACHMENT B - 2
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    h.    Any records of communications between Instagram LLC, and any person

2  about issues relating to the accounts, such as technical problems, billing inquiries, or

3  complaints from other users about the specified accounts, including records of contacts

4  between the subscriber and the provider's support services, as well as records of any

5  actions taken by the provider or subscriber as a result of the communications.

6  **Notwithstanding the criminal offenses defined under 18 U.S.C. § 2252 and 2252A or**

7  **any similar criminal offense, Instagram LLC shall disclose information responsive**

8  **to this warrant by mailing it to Special Agent Kyle McNeal at address 1145**
   **Broadway, Suite #500, Tacoma, WA 98402, or via email to kmcneal@fbi.gov.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT B - 3
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   **CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT**
2   **TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)**

3

4        I, _____, attest, under penalties of perjury by

5   the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the

6   information contained in this certification is true and correct.  I am employed by
7

8   Instagram LLC, and my title is _____.  I am qualified to

9   authenticate the records attached hereto because I am familiar with how the records were

10   created, managed, stored, and retrieved.  I state that the records attached hereto are true
11

12   duplicates of the original records in the custody of Instagram LLC.  The attached records

13   consist of _____ **[GENERALLY DESCRIBE RECORDS**
14

15   **(pages/CDs/megabytes)]**.  I further state that:

16       a.    all records attached to this certificate were made at or near the time of the

17   occurrence of the matter set forth by, or from information transmitted by, a person with
18

19   knowledge of those matters, they were kept in the ordinary course of the regularly

20   conducted business activity of Instagram LLC, and they were made by Instagram LLC as

21   a regular practice; and
22

23       b.    such records were generated by Instagram LLC'S electronic process or

24   system that produces an accurate result, to wit:

25           1.    the records were copied from electronic device(s), storage
26

27   medium(s), or file(s) in the custody of Instagram LLC in a manner to ensure that they are

28   true duplicates of the original records; and

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

2.     the process or system is regularly verified by Instagram LLC, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____          _____
Date                                      Signature

CERTIFICATION - 2
USAO #2018R01134

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800